IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01390-MSK-BNB

JANELL KENFIELD, formerly known as Janell Bezdek,

Plaintiff,

v.

COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT, a department of the State of Colorado,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Protective Order and Directions of Court** [Doc. # 54, filed 6/21/2010] (the "Motion"). I held a hearing on the Motion this morning and made rulings on the record, which are incorporated here.

The plaintiff's counsel seeks leave to speak to Cynthia Loftin *ex parte* in order to prepare Ms. Loftin for her upcoming deposition in this case. Ms. Loftin is the plaintiff's mother; she also is a supervisor in the STD/HIV section of the Colorado Department of Public Health & Environment ("CDPHE"), the defendant here. Ms. Loftin's daughter, Janell Kenfield, is the plaintiff and also worked in the STD/HIV section of the CDPHE. Ms. Loftin is the supervisor in the STD/HIV Registry program, while Ms. Kenfield worked in the Denver Partner Services, Prevention Case Management, and Social Networking program.

Pursuant to Rule 4.2 of the Colorado Rules of Professional Conduct, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other

lawyer or is authorized to do so by law or by court order." Plaintiff's counsel, Mr. Finger, does not have the consent of defense counsel to communicate with Ms. Loftin, is not allowed to do so by a court order, and makes no argument that he is allowed to do so by law. The question is whether, under the facts presented here, Ms. Loftin is a represented person by virtue of CDPHE's representation by the Colorado Attorney General's Office.

Comment 7 to Rule 4.2 states:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

I find that Ms. Loftin may have or have had the authority to obligate the STD/HIV section of CDPHE with respect to the preparation and contents of the organizational chart which is Attachment A to the Motion and which has been relied on by the plaintiff in support of her claims. See, e.g., Complaint [Doc. # 1] at ¶30. I find also that Ms. Loftin's acts or omissions in connection with the uniform application of policies at issue in this case may be imputed to the defendant in this action. See, e.g., id. at ¶55(g). Consequently, under Rule 4.2, Ms. Loftin is a represented party, and plaintiff's counsel may not communicate with her about this case without the consent of the Attorney General's office.

IT IS ORDERED that the Motion [Doc. # 54] is DENIED.

Dated July 21, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge