IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01390-MSK-BNB

JANELL KENFIELD, formerly known as Janell Bezdek,

Plaintiff,

v.

COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT, a department of the State of Colorado,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1) The plaintiff's **Motion for Extension of Discovery Deadline** [Doc. # 85, filed 8/31/2010] (the "Motion for Extension") insofar as it relates to an extension to serve a subpoena duces tecum on Rebecca Jordan;

(2) The **Unopposed Motion to Modify Scheduling Order to Extend Dispositive Motions Deadline** [Doc. # 80, filed 8/31/2010] (the "Unopposed Motion"); and

(3) The plaintiff's **Motion to Vacate Hearing Relating to Motion for Extension of Discovery Deadline** [Doc. # 94, filed 9/10/2010] (the "Motion to Vacate").

The Motion for Extension was set for hearing this morning at 8:30 a.m. Plaintiff's counsel, William Finger, contacted my chambers this morning before the hearing, informed my staff that the remaining dispute had been resolved, and requested that the hearing be vacated. Thereafter, shortly before 8:30 a.m., counsel for the defendant appeared at my court, apparently unaware of Mr. Finger's earlier call.

Mr. Finger filed the Motion to Vacate at the direction of my staff, and it was received at 8:24 a.m. Startlingly, the Motion to Vacate does **not** contain a Rule 7.1A certificate evidencing that Mr. Finger conferred with defendant's counsel prior to filing the Motion to Vacate, and the appearance of defendant's counsel at the time of the hearing clearly shows that no conferral occurred. This is a recurring problem. Mr. Finger failed meaningfully to confer under Rule 7.1A prior to filing Plaintiff's Motion to Compel Production of Documents [Doc. # 84, filed 8/31/2010], which resulted in my summary denial of that motion. Minute Order [Doc. # 89, filed 9/1/2010].

Mr. Finger is cautioned that his continuing failure to comply with D.C.COLO.LCivR 7.1A is unprofessional and may result in the imposition of sanctions.

In the Unopposed Motion, counsel for the defendant seeks an extension of the dispositive motion deadline by two weeks, from September 15 to September 29, 2010. The case is set for a final pretrial conference before the district judge on September 30, 2010. Although such an extension ordinarily would not be allowed in view of the date of the final pretrial conference, extraordinary circumstances exist here which constitute good cause for the extension and make the extension essential. In addition, the request is not opposed.

IT IS ORDERED that:

(1) The Motion for Extension [Doc. # 85] is DENIED as moot insofar as it seeks to extend the discovery cut-off to allow the service of a subpoena duces tecum on Rebecca Jordan;

(2) The Unopposed Motion [Doc. # 80] is GRANTED, and the dispositive motion deadline is extended to and including **September 29, 2010**; and

(3) The Motion to Vacate is GRANTED.

Dated September 10, 2010.

> BY THE COURT:
>
> _s/ Boyd N. Boland_
> United States Magistrate Judge